IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Michael P. Papa, | ) | Case No. 8:25-mc-00746-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Planet Home Lending, LLC, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This action has been filed as a miscellaneous case.  ECF No. 1.  Petitioner paid the filing fee.  Because Petitioner is proceeding pro se, this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings and a Report and Recommendation ("Report").  On October 21, 2025, the Magistrate Judge issued a Report recommending that this action be dismissed without leave to amend and without issuance and service of process.  ECF No. 8.  The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Petitioner filed objections to the Report and additional objections.[1]  ECF No. 12, 14.

## <u>APPLICABLE LAW</u>

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] The Court has considered both documents in making this ruling.

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## **ANALYSIS**

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  The Magistrate Judge recommends dismissal because there is no case or controversy, this action is frivolous, and because the Court should abstain from hearing this action.  Because Petitioner filed objections, the Court's review has been de novo.

At the outset, this Court notes the odd nature of this action.  As noted in more detail by the Magistrate Judge, the petition does not set forth a cognizable claim.  In his objections, Plaintiff asserts that he does not "claim this to be an objection as that would mean I'm being adversarial."  ECF No. 12 at 1.  He goes on to state that "this falls solely under the jurisdiction of conscience.  This Court is being asked for help and my Intent is to have the Chancellor make the trustee perform their duties."  *Id.*  While he states that

2

he is not bringing an adversarial action or objections, Petitioner also states that he cannot "point out one thing in the Report and Recommendation that [he] can agree with . . . ." *Id.* He asserts that his intent "was for equitable accounting, settlement, return, and protection of ALL Res. It does not seek any civil procedure." *Id.* Petitioner seeks to have the undersigned "sitting as Chancellor, take this matter in chambers, under seal, and review the trust materials privately. The recommendation of dismissal should be set aside as void for want of proper jurisdiction, and the equitable settlement processed according to conscience and fiduciary duty." *Id.* at 2.

The Court finds that the Magistrate Judge's Report should be adopted in full. To the extent that Petitioner asserts that he is not bringing an adversarial proceeding, there is no live case or controversy. Accordingly, this Court lacks jurisdiction over this action. To the extent Petitioner contends that this is an action in equity, other courts have found that they lacked jurisdiction over similar claims. *See Rahman v. Chenault*, C/A No. 1:17-cv-MC-13-LMB-IDD-, 2017 WL 5574985, at *1 (E.D. Va. May 16, 2017) (concluding the court lacked jurisdiction over similar case in which the plaintiff requested "an in-camera, private chambers, sealed, Ex Parte hearing with Chancellor"), *aff'd*, 694 F. App'x 143 (4th Cir. 2017). Finally, as explained in more detail by the Magistrate Judge, even if Petitioner had presented a live case or controversy, the Court should abstain from hearing this case. To the extent Petitioner requests that this Court enjoin a state court foreclosure action, this request is barred by the Anti-Injunction Act, 28 U.S.C. § 2283. The Court should also abstain from considering issues related to the foreclosure action pursuant to

3

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), and *Younger v. Harris*, 401 U.S. 37 (1971). Accordingly, dismissal is appropriate.[2]

### CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court adopts the recommendation of the Magistrate Judge. This action is **DISMISSED** without prejudice, without issuance and service of process, and without leave to amend.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 17, 2026
Spartanburg, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] To the extent Petitioner requests a temporary restraining order or a preliminary injunction, he has not established any of the *Winter* factors. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7 (2008).

4